Minute Order Form (06/97)

## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3721 | **DATE** | AUGUST 15, 2001 |
| **CASE TITLE** | Ellis v. Henderson | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, the defendant's motion for summary judgment [Doc. #11] is granted. This case is closed.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 20 2001 | 15 |
| X | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. by Courtroom Deputy | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG 17 PM 6: 03 | 8-15-01 date mailed notice | |
| dc(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | pamf mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BONNIE ELLIS, )
)
    Plaintiff, )
) No. 00 C 3721
v. )
) HONORABLE DAVID H. COAR
WILLIAM J. HENDERSON, Postmaster )
General, United States Postal Service, )
)
    Defendant. )

**DOCKETED**

**AUG 2 0 2001**

## MEMORANDUM OPINION AND ORDER

Bonnie Ellis ("Ellis") brings a discrimination claim against her employer, the United States Postal Service ("USPS"). Ellis applied for and was denied entry into the USPS's supervisor training program. She claims that the USPS denied her this promotion because of her race, sex, and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Before this court is the USPS's motion for summary judgment. For the reasons set forth below, the motion is granted.

### I. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

15

R. Civ. P. 56(c); Cox v. Acme Health Serv., Inc., 55 F.3d 1304, 1308 (7th Cir. 1995). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); Eiland v. Trinity Hosp., 150 F.3d 747, 750 (7th Cir. 1998).

The movant bears the burden of establishing that there exists no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Rule 56(e); Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511. Weighing evidence, determining credibility, and drawing reasonable inferences are jury functions, not those of a judge deciding a motion for summary judgment. Anderson, 477 U.S. at 255, 106 S. Ct. at 2515.

Where, as here, the non-moving party fails to contest the summary judgment motion, the moving party's statements of fact will be taken as true to the extent that the fact statements are supported by the record.

## II. Background

Ellis, a 46 year old African American female, has been a mail handler at the Bulk Mail facility of the USPS since 1995. The USPS offers an Associate Supervisors Program through which employees are trained and placed in supervisory positions. For entry into the program, employees must: (1) fulfill an attendance requirement which prohibits more than two days of unscheduled absences and no more than two tardy days during the previous twelve months; and (2) pass a three-part entrance examination consisting of written, math, and reasoning sections. An employee who fails to satisfy any of these requirement is deemed ineligible for the program.

Ellis applied for the Associate Supervisor Program in July 1997. Barbara Gooley, a Human Resources Specialist at the USPS, administered the test. The applicants' answers were forwarded to the National Testing Administration Center for grading. Although she was rated as "Strong" in math, and "Excellent" in reasoning skills, Ellis was found ineligible for a promotion into the supervisors' program because of her attendance record and her score on the written section of the entrance examination.

On February 9, 1998, Ellis filed a formal discrimination complaint with the USPS. When that claim was denied, Ellis appealed to the Equal Employment Opportunity Commission ("EEOC"), which also rejected her claim. Ellis brought her case before this court in July 31, 2000.

## III. Discussion

In setting forth a claim of employment discrimination claim, a plaintiff may pursue two distinct evidentiary paths. Kormoczy v. Secretary, U.S. Dept. of HUD, 53 F.3d 821, 824 (7th

Cir. 1995). On the one hand, she may choose to present direct evidence of discriminatory intent. Essex v. United Parcel Service, 111 F.3d 1304, 1308 (7th Cir. 1997). Alternatively, she may utilize an indirect method to raise an inference of an illegal motive, which involves a burden-shifting method established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S. Ct. 1817 (1973).

Under the McDonnell Douglas framework, the plaintiff bears the initial burden of proving a prima facie case of racial discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824. See also Matthews v. Allis-Chlamers, 769 F.2d 1215, 1217 (7th Cir. 1985) (noting that the burden-shifting method of proof also applies to age discrimination claims). Accordingly, she must demonstrate that (1) she is a member of a protected class; (2) she applied for and was qualified for the position sought; (3) she suffered an adverse employment action; and (4) her employer treated similarly situated employees outside her classification more favorably. Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995); Kirk v. Fed. Prop. Management Corp., 22 F.3d 135, 138 (7th Cir. 1994). Establishing this prima facie case creates a rebuttable presumption of discrimination. Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 722 (7th Cir. 1998).

The burden of production then shifts to the employer to articulate legitimate, non-discriminatory reasons for the challenged action. Id. The explanation must be legally sufficient to justify a judgement in the employer's favor. Kirk, 22 F.3d at 138 (citing Tex. Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 255, 101 S. Ct. 1089, 1094 (1981)). If the employer satisfies this burden, the presumption of discrimination dissolves, and the burden shifts back to

the plaintiff to prove by a preponderance of the evidence that the reasons proffered by her employer are actually pretext for discrimination. Id.

Here, Ellis fails to establish her prima facie case. As discussed further below, she has not demonstrated that she satisfactorily met the requirements for entry into the Associate Supervisor Program. Likewise, Ellis has not furnished any evidence that she was treated differently from similarly situated males, non-Blacks, or younger employees. Therefore, summary judgment is granted in favor of the USPS and against Ellis.

Ellis bears the burden of showing that she satisfied the minimum qualifications for admission into the supervisory program. Hughes v. Brown, 20 F.3d 745, 746 (7th Cir. 1994). Yet Ellis's attendance record and test results did not satisfy the eligibility requirements for the program. Eligible applicants were required to have no more than two days of unscheduled absences and no more than two tardy days during the previous twleve months. At her deposition, however, Ellis acknowledged that she had missed more than two unscheduled days of work and that she was tardy on more than two occasions during the twelve month period prior to the test in violation of the attendance requirement.

In addition, successful candidates were required to pass a three part exam, including a written section that required applicants to describe an accident in narrative form. At the testing session, Gooley, the test administrator and monitor, handed out a test booklet containing a test answer page as well as two pieces of scratch paper. The testtakers were instructed to submit their answers on the test page, not on the scratch paper. Ellis, however, did not transfer her written answer from the scratch paper onto the answer section of the examination. Thus, her answer was not considered and she was deemed to have failed the written portion of the examination.

-5-

Not only has Ellis failed to establish that she met the requirements for the promotion into the Associate Supervisors Program, she has also failed to show that similarly situated employees outside her protected classsification were treated more favorably. See Brazinski v. Amoco Petroleum Additives, Co., 6 F.3d 1176, 1183 (7th Cir. 1993) (citing Celotex, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265) (stating that the moving party may "prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof"). Likewise, the record does not demonstrate that the reasons cited for disqualifying Ellis from the promotion– namely, that she failed to satisfy the attendance requirement and that she failed the written portion of the exam– are pretexts for discrimination. Ellis cannot survive summary judgment without bearing her burden of proof.

## IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is granted.

**Enter:**

_____
David H. Coar
**United States District Judge**

Dated: AUG 1 5 2001